IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTIAN THOMAS,<br>    Petitioner,<br><br>v.<br><br>COMMONWEALTH OF PENNSYLVANIA, et al.,<br>    Respondents. | CIVIL NO. 10-4537 |

## MEMORANDUM OPINION AND ORDER

**RUFE, J.**                                                                                                                                                                                        **December 21, 2012**

On September 9, 2010, Petitioner Christian Thomas filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254,[1] seeking relief from state court sentences for rape, indecent assault, and multiple counts of armed robbery and burglary charged in seven separate criminal informations. The crimes were committed during a crime spree when Thomas was fourteen and fifteen years old. Thomas was prosecuted as an adult and sentenced to a total of 65-to-150 years in prison,[2] with eligibility for parole at age 83.[3] Thomas's *pro se* petition raised four grounds for

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, permits an application for a writ of habeas corpus on behalf of a person "in custody in violation of the Constitution or laws or treaties of the United States" pursuant to a state court judgment.

[2] Thomas was sentenced to 13-to-30 years imprisonment after a January 7, 2002 guilty plea to rape and burglary, stemming from his illegal entry into the home of a 92-year-old woman and his rape of that woman (Counts I and II of twenty-one counts charged in criminal information 2928 of 2001). On June 6, 2003, he pled guilty to charges contained in six criminal informations (805, 1147, 2928, 2950, 2952, and 3050 of 2001), and *nolo contendere* on charges contained in a seventh (3140 of 2001). He was sentenced to 53-to-120 years imprisonment, with such sentence to run consecutively to his prior 13-to-30 year sentence.

[3] Based upon life-expectancy statistics, Thomas argues that it is unlikely that he will be eligible for parole during his lifetime.

relief: 1) his sentence violates the Eighth Amendment, under Graham v. Florida[4]; 2) trial counsel was ineffective for failing to seek dismissal of certain charges pursuant to Pennsylvania Rule of Civil Procedure 600 ("Rule 600"); 3) trial counsel was ineffective for permitting Thomas to enter unknowing and involuntary guilty pleas; and 4) the trial court imposed a sentence longer than that required by the state sentencing guidelines, and imposed consecutive rather than concurrent sentences without adequate justification. The petition was referred to Magistrate Judge Timothy R. Rice for a Report and Recommendation ("R&R"), pursuant to the Court's Local Rule 72.1.

The Sentence Imposed Violates the Eighth Amendment to the Constitution

Before issuing his R&R, Magistrate Judge Rice appointed counsel to brief the Eighth Amendment issue on Thomas's behalf, and both parties filed supplemental briefs examining the applicability of Graham to Thomas's sentence. On June 4, 2012, after briefing was completed, Magistrate Judge Rice held oral argument. At that oral argument, Respondents, apparently acknowledging that the Supreme Court's decision in Graham may apply to term-of-year sentences which are effectively life-sentences, informed Magistrate Judge Rice that they agreed that Thomas's sentence should be vacated and the matter remanded to the state trial court for resentencing pursuant to Graham.[5] Accordingly, on June 5, 2012, Magistrate Judge Rice issued the R&R recommending that Thomas's petition be granted and the matter remanded for

---

[4] While Thomas's PCRA appeal was pending before the Pennsylvania Supreme Court, the United States Supreme Court decided Graham v. Florida, 130 S. Ct. 2011 (2010), which held that the Eighth Amendment *categorically* prohibits sentencing individuals who were under 18 years of age at the time of the offense, and who were convicted of nonhomicide crimes, to life in prison without parole. The Pennsylvania Supreme Court subsequently denied Thomas's request for review. Thomas promptly sought reconsideration in light of Graham; his request was denied. Respondents concede that the issue was properly exhausted during the PCRA process. However, as the state court did not address the merits of Thomas's argument that his sentence is unconstitutional in light of the Supreme Court's holding in Graham, this Court has the jurisdiction to address that issue *de novo*.

[5] R&R at 9.

2

resentencing consistent with Graham.

Neither party has objected to this recommendation for resentencing, and the Court agrees that the sentences should be vacated and the cases remanded to the state court for resentencing consistent with Graham.

In Graham, the Supreme Court addressed a categorical challenge to the imposition of life sentences without parole for juvenile offenders convicted of crimes other than homicide.[6] The Supreme Court noted the infrequency with which life sentences are actually imposed on juvenile offenders convicted of nonhomicides, even in jurisdictions where such sentences are permitted by law, and concluded that a national consensus has developed against such sentences.[7] The Supreme Court also found that juveniles have diminished moral culpability, citing psychological and neurological research showing substantial differences between juvenile and adult minds and, in particular, differences in the parts of the brain responsible for behavioral control.[8] The Supreme Court noted that it is difficult, even for experts, to differentiate juveniles whose crimes reflect "transient immaturity" from those whose crimes reflect "irreparable corruption," and concluded that a "life without parole sentence improperly denies the juvenile offender a chance to demonstrate growth and maturity" and "forswears altogether the rehabilitative ideal" despite juveniles' increased receptivity to rehabilitation.[9] In addressing the penological justifications, the

---

[6] Graham, 130 S. Ct. at 2022-23.

[7] Id. at 2026. The Supreme Court also recognized international consensus against the sentencing practice, explaining that the United States was the only nation which imposed life without parole sentences on juvenile nonhomicide offenders. Id. at 2033-34.

[8] Id.

[9] Id. at 2026, 2029, 2030.

Supreme Court held that "[w]ith respect to life without parole for juvenile nonhomicide offenders, none of the goals of penal sanctions that have been recognized as legitimate—retribution, deterrence, incapacitation, and rehabilitation—provides an adequate justification."[10] Thus, the Supreme Court held that the Eighth Amendment *categorically* prohibits sentencing individuals who were under 18 years of age at the time of the offense, and who were convicted of nonhomicide crimes, to life in prison without parole.[11]

Most relevant to Thomas's case, in which the state court did not impose a life sentence without parole, but rather a term-of-years sentence under which Thomas is not eligible for parole until age 83 (an age more than a decade beyond his life expectancy), the Supreme Court in Graham held that the states must give juvenile defendants "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation."[12] Other courts faced with facts similar to the facts in this case have concluded that a sentence imposed upon a nonhomicide juvenile offender is unconstitutional under Graham if it provides no meaningful opportunity for parole during the offender's lifetime, even if that sentence is a term-of-years sentence and not a formal life without parole sentence, and this Court agrees with that position.[13]

---

[10] Id. at 2028 (internal citation omitted).

[11] Id. at 2030.

[12] Id.

[13] Bell v. Haws, No. 09-3346, 2010 WL 3447218 (C.D. Cal. July 14, 2010) (*vacated on other grounds*) (finding the possibility of parole at age 69 provided a meaningful opportunity for release during the petitioner's lifetime, as his life expectancy was 70 years, and upholding the 54 years to life sentence); United States v. Mathurin, No. 09-21075, 2011 WL 2580775 (S.D. Fla. June 29, 2011) (where defendant, a juvenile, faced a mandatory minimum sentence of 307 years under the Hobbs Act, because terms of imprisonment under the relevant subsection may not run concurrently, the court severed the portion of the Act prohibiting concurrent sentences so that it could impose a constitutionally permissible sentence which provided a meaningful opportunity for defendant to be released at age 53).

This Court does not believe that the Supreme Court's analysis would change simply because a sentence is labeled a term-of-years sentence rather than a life sentence if that term-of-years sentence does not provide a meaningful opportunity for parole in a juvenile's lifetime. The Court's concerns about juvenile culpability and inadequate penological justification apply equally in both situations, and there is no basis to distinguish sentences based on their label. To find otherwise would degrade the holding of the Supreme Court. Therefore, this Court finds that the sentence imposed in this case, though a term-of-years sentence, violates Graham as it provides no meaningful opportunity to obtain release, based upon demonstrated maturity and rehabilitation, during Thomas's expected lifetime. Accordingly, the Court finds that the sentence imposed amounts to cruel and unusual punishment in violation of the Eighth Amendment.

<u>Trial Counsel Was Not Ineffective for Failure to File a Rule 600 Motion to Dismiss</u>

In addition to the Graham issue, Thomas's petition raised three other grounds for relief. Magistrate Judge Rice rejected each of these three grounds as non-cognizable or meritless in his thorough and well-reasoned R&R. Where a habeas petition, such as the one in this case, is referred to a magistrate judge for an R&R pursuant to 28 U.S.C. § 636(b)(1), a district court judge conducts a *de novo* review "of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[14] Thomas requested appointment of counsel to assist him in filing objections, which the Court granted,[15] and counsel

---

[14] 28 U.S.C. § 636(b)(1)(C).

[15] Judge Rice appointed Caroline A. Cinquanto, Esq. to represent Thomas, by Order dated June 6, 2011, but that Order only required her to brief the following issues: 1) whether Graham rendered Thomas's sentence cruel and unusual in violation of the Eighth Amendment to the Constitution; 2) whether Thomas's sentence was, in effect, a life sentence without possibility of parole; and 3) whether Thomas's challenge to the constitutionality of his sentence

5

filed an objection to one claim Judge Rice had found meritless. For the reasons set forth below, the Court overrules Thomas's single objection to the R&R.

Thomas "objects to the R&R's conclusion that the Pennsylvania Superior Court was not unreasonable in its application of Strickland v. Washington, 466 U.S. 668 (1984), when it ruled that Mr. Thomas's trial counsel was not ineffective for failing to file a Rule 600 motion."[16] Pennsylvania Rule of Criminal Procedure 600 ("Rule 600") requires state criminal trials to be held within 365 days from the date the complaint is filed, subject to tolling and excludable time.[17]

Plaintiff argues that four of the seven criminal informations which were the subject of his second, June 3, 2003, guilty pleas were not timely prosecuted pursuant to Rule 600, and that his counsel was ineffective for failing to file a motion to dismiss certain charges against him on that basis prior to the entry of his June 3, 2003 guilty pleas.[18] Plaintiff raised this Rule 600 argument in a PCRA petition, and the PCRA court rejected it. Thomas appealed to the Superior Court, which found that Thomas's June 3, 2003 guilty plea hearing was timely under Rule 600 with regard to two of the informations (charging four counts of robbery, one count of burglary, and one count of rape). However, the Superior Court acknowledged that the June 3, 2003 guilty plea

---

was properly exhausted in the state courts. After Judge Rice filed his R & R, Thomas filed a *pro se* motion for appointment of counsel to assist him in filing objections. This Court then renewed and expanded Ms. Cinquanto's appointment by Order dated July 31, 2012, and allowed counsel additional time to file any and all objections on Thomas's behalf, not limited to the issues counsel had briefed for Judge Rice.

[16] Objections to R&R at 1.

[17] Rule 600 excludes any periods of delay resulting from unavailability of the defendant or his attorney, or from any continuance granted at the request of defendant or his attorney. Pa. R. Crim. P. 600(C)(3). Rule 600 is also tolled for the time it takes a court to rule on defendant's pre-trial motions. Comm. of Pa. v. Sisneros, 692 A.2d 1105, 1108, n. 2 (Pa. Super. 1997).

[18] It is undisputed that the rape and burglary charges, to which Thomas pled guilty on January 7, 2002, were timely prosecuted.

hearing was outside the Rule 600 time period on the remaining five criminal bills of information. Nevertheless, the Superior Court held that because those five bills of information were consolidated[19] with the two that were timely prosecuted, there was no Rule 600 violation.[20] In its ruling, the Superior Court relied upon its decision in Commonwealth v. Selenski,[21] which held that when charges are consolidated, formally or informally, the tolling attributable to any charge also tolls all related charges. Having found no Rule 600 violation in Thomas's case, the Superior Court concluded that trial counsel was not ineffective for failing to raise the meritless issue before the trial court.

Thomas appealed the Superior Court's ruling to the Pennsylvania Supreme Court. The Pennsylvania Supreme Court reserved ruling on Thomas's petition pending its ruling in Selenski, which had also been appealed. Once it had affirmed the Superior Court's ruling in Selenski,[22] the Pennsylvania Supreme Court denied Thomas's petition for review.

In his habeas Petition to this Court, Thomas argues that the Superior Court misinterpreted Rule 600 in his case, wrongly found that all seven criminal informations against him were timely prosecuted, and, based on this error, failed to find that counsel was ineffective for failing to file a Rule 600 dismissal motion on the informations which were not timely prosecuted.

A federal court may not grant habeas relief if the claims were "adjudicated on the merits in state court" unless the state court decision "was contrary to, or involved an unreasonable

---

[19] The Commonwealth filed notice of intent to consolidate on August 13, 2001, and the Court issued an Order permitting the consolidation on June 13, 2002.

[20] Comm. of Pa. v. Thomas, 159 MDA 2008 (Pa. Super. Ct. Jan. 21, 2009).

[21] 919 A.2d 229 (Pa. Super. Ct. 2007), aff'd, 994 A.2d 1083 (Pa. 2010).

[22] 994 A.2d 1083 (Pa. 2010).

application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[23] Thus, in reviewing the ruling of the Pennsylvania Superior Court, this Court must apply a deferential standard of review.[24]

For the reasons set forth in the R&R, the Court cannot find that the Superior Court was unreasonable in denying Thomas's ineffective assistance of counsel claim under <u>Strickland</u>'s deferential standard. The Court adopts the well-reasoned analysis set forth in the R&R on this issue, and agrees that Thomas has failed to show that the Superior Court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[25] Furthermore, this Court agrees with the R&R's conclusion, that "even if the Superior Court misapplied or failed to follow Rule 600, [this Court] may not second guess the state court's interpretation of its own procedural rules in the context of habeas review. Based on the Superior Court's conclusion that Thomas had no meritorious claim under Rule 600 at the time of his second guilty plea, Thomas has not–and cannot–demonstrate that trial counsel's failure to raise such claims was unreasonable."[26]

For the foregoing reasons, the Court overrules the objection and approves and adopts the R & R. As the parties agreed, and the R & R recommended, the Court will remand the case to the state court for re-sentencing in light of this Opinion and the Supreme Court's holdings in

---

[23] 28 U.S.C. § 2254(d).

[24] <u>Id.</u>; <u>Hardy v. Cross</u>, 132 S. Ct. 490, 495 (2011).

[25] <u>Harrington v. Richter</u>, 131 S. Ct. 770, 786-87 (2011).

[26] R&R at 18 (internal citations omitted).

8

<u>Graham</u>.

An appropriate order follows.